UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD TURNER, | ) | CASE NO. 4:11 CV 2655 |
| Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| ROBERT FARLEY, | ) ) | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Respondent. | ) ) | |

On December 7, 2011, petitioner *pro se* Ronald Turner filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges the sentence imposed on him in the United States District Court for the Southern District of Ohio, on the ground that he was "actually innocent" of the Armed Career Offender enhancement of the sentence. For the reasons stated below, the petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, including the denial of a previously filed § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, this "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed Appx. 243, 248 (6th Cir. 2001)(unpublished disposition) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner has not set forth a genuine claim of actual innocence that might fall within the § 2255 savings clause. A habeas petitioner who seeks to challenge an Armed Career Criminal Act (ACCA) enhancement, but does not assert he is innocent of the offense which formed the basis for the enhancement, is not eligible for relief under 28 U.S.C. § 2241. *Raymer v. Barron*, 82 Fed.Appx. 431, 432 (6th Cir. 2003). The petition contains no reasonable suggestion petitioner is innocent of the underlying offenses which created the basis for his ACCA enhancement.

Accordingly, the petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 2/6/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

2